**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FRANYELIS NATALI URBINA YEPEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2241-R** |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Franyelis Natali Urbina Yepez, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Doc. 6. Respondents filed a response, Doc. 10,[3] and Petitioner has replied, Doc. 11. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release her from custody.

## I. Factual background and Petitioner's claims.

Petitioner is a native and citizen of Venezuela. Doc. 1, at 2. Petitioner entered the United States on December 4, 2024. *Id.* Petitioner was issued a Notice to Appear, charging her as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* Because Petitioner was a minor, she was placed in the custody of the Office of Refugee Resettlement and later released to a sponsor. *Id.* She filed an application for asylum and withholding of removal. *Id.* Her application for asylum remains pending and her removal proceedings are ongoing. *Id.* at 2-3.

On July 4, 2026, Petitioner was arrested and detained by Immigration and Customs Enforcement (ICE) officers during a traffic stop in Dallas, Texas. *Id.* at 3. She remains detained at the Diamondback Correctional Facility in

[3] The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 10, at 1 n.1.

Watonga, Oklahoma. *Id.*

Petitioner seeks a declaration that her detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b); immediate release from custody, or in the alternative, an individualized bond hearing; and any other relief the court deems just and proper.[4] *Id.* at 6.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

---

[4] Petitioner also requested an order temporarily prohibiting transfer outside of this District or an order requiring reasonable advance notice before any such transfer. Doc. 1, at 6. The Court dealt with these requests in its Order for Response, Doc. 8.

Respondents argue that any relief should be limited to a custody redetermination hearing. Doc. 10, at 1. "[T]his Court has previously construed 8 U.S.C. § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. Apr. 20, 2026). "This conclusion is in accord with *Santillan Quiroz* [*v. Mullin*, 180 F.4th 1226 (10th Cir. 2026], in which the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026) (quoting *Santillan Quiroz*, 180 F.4th at 1240); *see Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner was not "seeking admission" at the border when ICE detained her. So she "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez*, 2026 WL 2033144, at *2. Instead, § 1226(a) controls her detention and entitles her to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13); *see also Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that detention of a noncitizen who had resided in the interior for years before ICE detained him "is more naturally characterized as detention 'pending a decision

on whether the alien is to be removed from the United States' within the meaning of § 1226(a)").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. Here, Petitioner alleges that she has not received an individualized custody determination since her detention in July 2026. Doc. 1, at 3. *See, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her]

with a bond hearing pursuant to 8 U.S.C. § 1226”); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) (“[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).”).

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days “[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).”); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) (“Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).”).

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court **grant Petitioner’s habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order

Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 26, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[5] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 19th day of October, 2026.

---

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE